UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————X
Nationstar Mortgage LLC d/b/a Mr. Cooper,
        Plaintiff,
v.                                                         Civil Action No.

Francis H. Ferraro, Jr.,
        Defendant,
and

Bank of America, N.A.,
        Party-in-Interest.
———————————————————————X

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"), by and through its attorneys, Doonan Graves and Longoria LLC, and hereby files this Verified Complaint for a Declaratory Judgment and for judicial foreclosure with respect to the property located at 40 Isabella Street, Unit 1W, The 40 Isabella Street Condominium, Boston, MA (the "Property"). Mr. Cooper advances its complaint by alleging the following:

### PARTIES

1. Mr. Cooper is a limited liability company organized under the laws of Delaware with its headquarters at 8950 Cypress Waters Blvd., Coppell, TX 75019.

2. Mr. Cooper is an indirect, wholly-owned subsidiary of Nationstar Holdings, Inc. ("NSM Holdings") a Delaware Corporation.

3. Mr. Cooper is directly owned by its members, which are Nationstar Sub 1 LLC and Nationstar Sub 2 LLC.

4. Nationstar Sub 1 LLC and Nationstar Sub 2 LLC are limited liability companies organized under the laws of Delaware and are both wholly owned by NSM Holdings.

Nationstar Mortgage LLC v. Francis H. Ferraro, Jr., et al.
40 Isabella Street, Unit 1W, Boston, MA
DG&L File No. 56040                    1

5. NSM Holdings is publicly traded on the New York Stock Exchange, under ticker symbol NSM.

6. Upon information and belief, Francis H. Ferraro, Jr. ("Ferraro") is an individual currently residing at the Property.

7. Upon information and belief, Bank of America, N.A. ("BOA") is a national bank organized and existing under the laws of the United States of America with its principal place of business located at 100 N. Tryon Street, Charlotte, NC 28255.

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the subject of this matter is the mortgage loan currently serviced by Mr. Cooper, on behalf of the owner/holder of the loan, Federal National Mortgage Association ("Fannie Mae"), in which Ferraro is the obligor/mortgagor and the total amount due is in excess of eighty-nine thousand five hundred ninety-one and 46/100 ($89,591.46) dollars, thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand and 00/100 ($75,000.00) dollars.

9. In determining the amount in controversy in actions seeking declaratory relief regarding a mortgagee's right to foreclosure, the First Circuit has expressed a preference for the "face-value-of-the-loan rule."[1]

10. Further, in an action seeking declaratory relief, such as the instant action, the amount in controversy may be appropriately determined by the value of the object of the litigation.[2]

---

[1] *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012).

[2] *See Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977); *CE Design Ltd. v. American Economy Ins. Co.*, 755 F.3d 39, 48 (1st Cir. 2014)(recognizing that the amount in controversy is properly determined by the value of the property where said is apparent or easily ascertainable); *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004)(recognizing that it is proper for Courts to consider the value of the object of litigation when determining the amount in controversy); *Bobola v. Wells Fargo Bank, N.A.*, No. 14-14735-MLW, 2016 WL 4844039, at *3 (D.Mass. Sept. 13, 2016)(recognizing that in an action seeking declaratory relief regarding a mortgagee's rights

11. Here the object of the instant litigation is the mortgage on the Property given by Ferraro to Residential Mortgage Corporation ("RMC") dated September 28, 1994 ("Ferraro Mortgage"), recorded with the Suffolk County Registry of Deeds in Book 19346, Page 48.[3]

12. The face value of the Ferraro Mortgage is two hundred thousand and 00/100 ($200,000.00) dollars, and the total debt owed under the terms of the Ferraro Mortgage Loan is in excess of eighty-nine thousand five hundred ninety-one and 46/100 ($89,591.46) dollars.

13. Further, the City of Boston Assessor's Office has assessed the value of the Property at one million three hundred ninety-four thousand eight hundred and 00/100 ($1,394,800.00) dollars.[4]

14. Thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand and 00/100 ($75,000.00) dollars.

## VENUE

15. Venue is properly exercised pursuant to 28 U.S.C. § 1931(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

## FACTUAL ALLEGATIONS

16. Ferraro is the owner of the Property by virtue of a Unit Deed dated August 17, 1994, and recorded with the Suffolk County Registry of Deeds in Book 19346, Page 043.[5]

17. On September 28, 1994, Ferraro executed and delivered to RMC a Promissory Note in the amount of two hundred thousand and 00/00 ($200,000.00) dollars ("Ferraro Note").[6]

---

in the mortgaged premises, the amount in controversy is properly calculated by looking to the value of the mortgaged premises)(citing *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013)).

[3] *See* Exhibit A (a true and correct copy of the Ferraro Mortgage is attached hereto and incorporated herein).

[4] *See* Exhibit B (a true and correct copy of the Property Report from the City of Boston Assessor's Office Online Database is attached hereto and incorporated herein).

[5] *See* Exhibit C (a true and correct copy of the Unit Deed is attached hereto and incorporated herein).

[6] *See* Exhibit D (a true and correct copy of the Ferraro Note is attached hereto and incorporated herein).

18. The Ferraro Note is endorsed in blank by RMC.[7]

19. Federal National Mortgage Association ("Fannie Mae") is the true and lawful holder/owner of the Ferraro Note.

20. Mr. Cooper is the servicer and authorized agent acting on behalf of Fannie Mae with respect to the Ferraro Mortgage Loan.[8]

21. To secure the debt evidenced by the Note, Ferraro gave a Mortgage on the Property to RMC dated September 28, 1994, and recorded with the Suffolk County Registry of Deeds in Book 19346, Page 48.[9]

22. The Ferraro Mortgage was assigned to Colonial Mortgage Inc. ("CMI") by virtue of an Assignment of Mortgage dated September 28, 1994, and recorded with the Suffolk County Registry of Deeds in Book 19346, Page 58 ("CMI Assignment").[10]

23. The Ferraro Mortgage and CMI Assignment are affected by a Confirmatory Assignment dated October 11, 1994 and recorded with the with the Suffolk County Registry of Deeds in Book 19370, Page 232, which confirmed and corrected the Assignee identified in the CMI Assignment to reflect the fact that CMI had previously changed its name to CFX Mortgage, Inc. ("CFX").[11]

24. Fannie Mae acquired the Ferraro Note and Mortgage Loan on or about March 1, 1997.

25. The Ferraro Mortgage was further assigned to NationsBanc Mortgage Corporation ("NationsBanc") by virtue of an Assignment of Mortgage dated August 30, 1998, and recorded with the Suffolk County Registry of Deeds in Book 22959, Page 312

---

[7] See Exhibit D.
[8] See Exhibit E (a true and correct copy of the Servicing Transfer Notice is attached hereto and incorporated herein).
[9] See Exhibit A.
[10] See Exhibit F (a true and correct copy of the CMI Assignment is attached hereto and incorporated herein).
[11] See Exhibit G (a true and correct copy of the Confirmatory Assignment is attached hereto and incorporated herein).

("NationsBanc Assignment").[12]

26. Effective as of December 1, 1999, NationsBanc merged with and into BA Mortgage, LLC.[13]

27. Effective as of April 15, 2003, BA Mortgage, LLC merged with and into BOA.[14]

28. On April 4, 2013, Rebecca Kowal, Assistant Vice President of BOA, executed an Affidavit of Lost Note ("LNA").[15]

29. The LNA states that BOA, as the prior servicer of the Ferraro Mortgage Loan, acquired possession of the Ferraro Note on or before November 16, 2009.[16]

30. Fannie Mae was the owner of the Ferraro Note at the time that BOA, Fannie Mae's prior servicer, acquired possession of the same.

31. The LNA states that after due diligence, BOA determined that the Note was destroyed, lost or in the wrongful possession of an unknown person.[17]

32. The LNA further states that the loss of the Ferraro Note was not the result of a rightful transfer or a lawful seizure of the Note.[18]

33. The LNA also includes an Indemnification for Affidavit of Lost Note by BOA indemnifying and holding Ferraro harmless from and against any and all losses, liabilities, damages, claims, costs and expenses of any nature resulting from reliance upon the LNA.[19]

34. The Indemnification further states that should BOA recover the Ferraro Note, the Note will

---

[12] *See* Exhibit H (a true and correct copy of the NationsBanc Assignment is attached hereto and incorporated herein).
[13] *See* Exhibit I (a true and correct copy of the Secretary's Certificate reflecting the merger is attached hereto and incorporated herein).
[14] *See* Exhibit I.
[15] *See* Exhibit J (a true and correct copy of the LNA is attached hereto and incorporated herein)
[16] *See* Exhibit J.
[17] *See* Exhibit J.
[18] *See* Exhibit J.
[19] *See* Exhibit J.

35. BOA transferred the servicing of the Ferraro Mortgage Loan to Mr. Cooper effective as of May 1, 2013.[21]

36. The Ferraro Mortgage was further assigned to Mr. Cooper by virtue of an Assignment of Mortgage dated July 25, 2013, and recorded with the Suffolk County Registry of Deeds in Book 51951, Page 9 ("Mr. Cooper Assignment").[22]

37. Mr. Cooper is the true and lawful assignee/holder of the Ferraro Mortgage.[23]

## COUNT I
## DECLARATORY JUDGMENT

38. Mr. Cooper repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

39. Fannie Mae acquired the Ferraro Mortgage Loan on or about March 1, 1997.

40. The original Ferraro Note cannot be located as it has been lost or inadvertently destroyed.[24]

41. BOA was the prior servicer in possession of the original Ferraro Note at the time that it was lost or inadvertently destroyed.[25]

42. Fannie Mae owned the Ferraro Note at the time that loss of possession occurred.

43. Fannie Mae remains the true and lawful owner of the Ferraro Note.

44. Mr. Cooper is the current servicer authorized to act on behalf Fannie Mae with respect to the Ferraro Mortgage Loan.[26]

45. Mr. Cooper is the true and lawful assignee/holder of the Ferraro Mortgage.[27]

46. Where, as here, the original Ferraro Note has been lost or inadvertently destroyed, Mr.

---

[20] See Exhibit J.
[21] See Exhibit E.
[22] See Exhibit K (a true and correct copy of the Mr. Cooper Assignment is attached hereto and incorporated herein).
[23] See Exhibit K.
[24] See Exhibit I.
[25] See Exhibit J.
[26] See Exhibit E.
[27] See Exhibit K.

Cooper is entitled to a Judgment declaring that Fannie Mae is the true and lawful holder/owner of the Ferraro Note.

47. Further, because Mr. Cooper is the assignee and holder of the Ferraro Mortgage and the authorized agent acting on behalf of Fannie Mae, Mr. Cooper is entitled to a Judgment declaring that it has standing to enforce the Ferraro Note including, but not limited to, through foreclosure by exercise of the statutory power of sale.[28]

WHEREFORE, Mr. Cooper requests that this Court:

1) Enter Judgment in favor of Mr. Cooper declaring that Fannie Mae is the true and lawful holder/owner of the Ferraro Note;

2) Enter Judgment declaring that Mr. Cooper is entitled to enforce the Ferraro Note as the holder/assignee of the Ferraro Mortgage and the authorized agent acting on behalf of Fannie Mae;

3) Such further relief that the Court deems just and necessary.

                                          Respectfully Submitted,
                                          Nationstar Mortgage LLC d/b/a Mr. Cooper,
                                          By and through its counsel,

Dated: August 8, 2022                /s/Reneau J. Longoria
                                          Reneau J. Longoria, Esq. (BBO #635118)
                                          Brian Linehan, Esq. (BBO #690437)
                                          Doonan, Graves and Longoria, LLC
                                          100 Cummings Center, Suite 303C Beverly, MA 01915
                                          Tel. (978) 921-2670
                                          rjl@dgandl.com

---

[28] See *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40, 51 (2011); *Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569, 696 N.E.2d 1118, 1131 (2012).

Nationstar Mortgage LLC v. Francis H. Ferraro, Jr., et al.
40 Isabella Street, Unit 1W, Boston, MA
DG&L File No. 56040                         7

## VERIFICATION

I, Kathy Winchester, being duly sworn, state:

I am a representative of Nationstar Mortgage LLC d/b/a Mr. Cooper, the above named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _____ Asst. Sec.

its: Kathy Winchester, Assistant Secretary

On this 27 day of July 2022, before me, the undersigned notary public, personally appeared Kathy Winchester, who proved to me through satisfactory evidence of identification which was personally known to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

Name: Mario Sanchez Jr.
Notary Public
My Commission expires: 03/04/2025

MARIO SANCHEZ, JR.
Notary Public, State of Texas
Comm. Expires 03-04-2025
Notary ID 132954784

1